IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SUSAN MAKI SCHAFF, Petitioner, vs. STATE OF MONTANA, ATTORNEY GENERAL OF THE STATE OF MONTANA, Respondents. | Cause No. CV 17-129-BLG-SPW-TJC FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Susan Maki Schaff's application for writ of habeas corpus under 28 U.S.C. § 2254. Schaff is a state prisoner proceeding pro se.

Schaff challenges a conviction for felony Driving Under the Influence, imposed in the Thirteenth Judicial District, Yellowstone County, Montana, on September 22, 2015 (Cause No. DC-15-095). (Doc. 1 at 2.) Schaff pled guilty and was sentenced to serve fifteen years. The sentence was ordered to run consecutively to any sentence she was already serving. *Id.* at 2-3 ¶¶ 1-5.

Schaff's present petition was filed on September 22, 2017. Because it appeared that Schaff's petition may have been untimely and procedurally defaulted, Schaff was ordered to show cause as to why her petition should not be dismissed. (Doc. 3.) Schaff responded. (Doc. 4.) Upon further review of Schaff's

1

petition and corresponding documents, it appears Schaff is not entitled to relief on the merits of the claims she advances. Although Schaff's petition is still likely time-barred and procedurally defaulted, at this juncture it is more efficient to proceed to the merits. See 28 U.S.C. §2254(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

## I. Procedural History

As set forth in the Court's prior order, Schaff did not file a direct appeal, but she did subsequently apply for relief with the Sentence Review Division (SRD). (Doc. 1 at 3, ¶¶8-13.) No change was made to Schaff's sentence. The SRD decision affirming Schaff's sentence was filed on May 12, 2016.[1]

During this same time period, Schaff also appeared before the Montana Board of Pardons and Parole. Although Schaff was not released to parole, the Board did allow for the commencement of her consecutive sentence imposed in DC-15-095.[2]

On December 12, 2016, Schaff filed a "Motion to Obtain District Court's Endorsement for a Treatment Placement" in state district court.[3] Schaff's motion was apparently accompanied by an affidavit and letters of support. On March 21,

---

[1] This Court may take judicial notice of proceedings in other courts, including orders and filings in state courts, when directly related to the case at issue. See, *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011). Accordingly, the Court has reviewed the state court docket for *State v. Schaff*, DC-2015-95.
[2] See, Board of Pardons and Parole, Final Board Dispositions for April 2016 at 23. Available at: http://bopp.mt.gov/FinalDispositions (accessed December 6, 2017).
[3] *State v. Schaff*, DC-2015-95, Case Register Report (Doc. Seq. 35).

2

2017, state District Court Judge Rod Souza sent Schaff a letter commending the rehabilitative progress she had made, but advising Schaff that the trial court had no authority to order her placement in a particular program, and that such decision was solely within the purview of the Parole Board. (Doc. 1 at 25.)

## II. Schaff's claims

In her present petition before this Court, Schaff alleges: (1) there is an inaccurate entry in her criminal judgment for Cause No. DC-15-095, wherein the conviction is referenced as her "fourth felony DUI," (Doc. 1 at 4, ¶15(A); 14); (2) she was denied parole placement in a treatment facility in contravention of the judgment, *id.* at 5, ¶15(B); 14; and (3) there is an inaccurate claim in the Presentence Investigation report (PSI) relative to the number of her prior DUI convictions, *id.* at 5, ¶15(C);15. Schaff asks this Court to review and reduce the sentence she received, and provide an endorsement for her placement in a treatment facility. *Id.* at 8, ¶18; 16.

## III. Analysis

A state prisoner is entitled to federal habeas relief only if she is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. §2254(a.) Rule 2(c) of the Rules Governing Section 2254 Cases requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground." Claims based on conclusory allegations are not a

3

sufficient basis for federal habeas relief. See, *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). As discussed below, Schaff has not alleged a cognizable federal claim. Therefore, her petition should be denied for lack of merit.

In her present petition, Schaff does not identify the federal basis for her claim. To the extent Schaff intends to assert a due process claim, the Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law [.]" U.S. Const. Amend. XIV, § 1. Thus, to state a due process violation an individual must establish the existence of a constitutionally recognized liberty interest that is protected by the Due Process Clause, and must demonstrate the procedures afforded the individual for the protection of the liberty interest were constitutionally deficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). "Protected liberty interests may arise from two sources – the Due Process Clause itself and the laws of the States." *Id.* (quotation and citation omitted). *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (stating that a protected liberty interest could "arise from the Constitution itself, [...or] from an expectation or interest created by state laws or policies.").

4

The Due Process Clause itself does not create a federal right to release on parole. *Swarthout*, 562 U.S. at 222. While state law may create a liberty interest in parole, it is a state interest created by state law. *Id.* When a state creates such a liberty interest, however, the Due Process Clause requires procedural fairness. *Id.* With respect to parole, an inmate is constitutionally entitled only to an opportunity to be heard, and a statement of reasons why parole was denied. *Id.* Schaff does not allege that she was not afforded the opportunity to be heard, nor denied a statement of the reasons parole was denied.

In addition, there is no state-created liberty interest in parole in Montana. *Worden v. Mont. Bd. of Pardons & Parole*, 962 P. 2d 1157, 1165 (Mont. 1998)(holding that when the Legislature amended the statute in 1989, it eliminated any liberty interest in parole); *see also* Mont. Code Ann. § 46-23-208(1) (providing the parole board *may* release a prisoner on parole when certain criteria are met). Thus, there is neither a constitutional right nor a state protected liberty interest at issue in the instant case.

Schaff has also not demonstrated that she would be entitled to parole even if there was an adjustment in her record regarding the number of her prior DUI convictions. Under Montana law, the Parole Board is to consider various factors when assessing one's suitability for parole. See, MCA §46-23-208(4)(a)-(r). A prisoner's prior criminal history is just one of the factors for the hearing panel's

5

consideration. MCA §46-23-208(4)(b). Moreover, a prisoner serving a time sentence may not be paroled until the individual has served at least one-fourth of the prisoner's full term. MCA §46-23-201(3). In April of 2016, the Parole Board allowed Schaff to begin serving her fifteen-year consecutive sentence handed down in DC 15-95. Thus, not only did the parole board have various other factors to consider when it rejected Schaff's initial effort at parole, Schaff had clearly not served one-fourth of her sentence. Or to put it another way, even if Schaff was correct in her assertion that there is inaccurate information contained in her parole file, there would still be a basis under Montana law for the Parole Board to deny Schaff parole.

Additionally, this Court is unable to grant Schaff the remaining relief she requests – endorsement for placement in a treatment program, correction of the record, or a reduction in her state court sentence. Federal district courts are courts of original jurisdiction, and may not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions."); *Rooker Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)(jurisdiction possessed by the District Courts is strictly original; entertaining a proceeding to reverse or modify state court judgment would be an

exercise of appellate jurisdiction.).

Schaff was sentenced in DC-15-095 as a persistent felony offender. By statute, the trial court was required to impose a sentence of at least five years, and was authorized to impose a sentence of up to one-hundred years. See, MCA §46-18-502(1). On its face, Schaff's sentence was legal. Further, even if there were an error in Schaff's sentence, federal habeas relief does not lie for alleged errors in the interpretation or application of state sentencing laws. As long as a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." *Makal v. State of Arizona*, 544 F. 2d 1030, 1035 (9th Cir. 1976). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

IV. **Conclusion**

The Court has reviewed all of the information provided by Schaff, including her letters of reference, and acknowledges that Schaff has significant community support and has engaged in commendable rehabilitative efforts. But such effort on Schaff's part does not convert this matter into one of federal import. Schaff has failed to raise a cognizable habeas claim or demonstrate that she is entitled to federal habeas relief. The petition should be denied for lack of merit.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Schaff has failed make a substantial showing that she was deprived of a constitutional right. Because reasonable jurists would find no reason to encourage further proceedings, a certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Ms. Schaff's petition (Doc. 1) should be DENIED for lack of merit.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

\\\
\\\

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Ms. Schaff may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Ms. Schaff must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to her.

DATED this 18th day of December, 2017.

_____
Timothy J. Cavan
United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Schaff is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.